## COMMONWEALTH v. YATES.

Court of Appeals of Kentucky.

Dec. 19, 1952.

J. D. Buckman, Jr., Atty. Gen., and Wm. F. Simpson, Asst. Atty. Gen., for appellant.

Rodes K. Myers, Bowling Green, G. S. Milam, Russellville, for appellee.

CAMMACK, Chief Justice.

The Commonwealth is seeking a certification of the law on the question of whether

Special Judge R. T. Sweeney properly sustained a demurrer to an indictment. The accusatory part of the indictment charged Walter J. Yates and William Mitchell of the crime of murder and aiding and abetting in the commission of murder. Count I of the descriptive part set forth the manner in which Yates and Mitchell committed the crime of murder. Count II of the description follows:

"The said Grand Jurors further charge that the said Kirby was murdered as alleged in Count I hereof and that one or the other, the said Yates or the said Mitchell, did strike and murder the said Kirby as aforesaid but that it is unknown to this Grand Jury which one, the said Yates or the said Mitchell, did said striking and wounding as aforesaid thereby killing the said Kirby as hereinabove alleged, that the other was present and did unlawfully, wilfully, feloniously, maliciously, and of his malice aforethought aid, abet, encourage, counsel, and advise in the murder of the said Kirby as herein alleged and which one did the said striking, Yates or Mitchell, or which one aided and abetted, the same is unknown to the Grand Jurors, and all done as aforesaid and against the peace and dignity of the Commonwealth of Kentucky."

It was the opinion of the Special Judge that the vice of the indictment lies in the part just quoted, in that it violated subsection 1 of Section 126 of the Criminal Code of Practice. That section provides that an indictment can charge but one offense but that it may allege the modes, means or results in the disjunctive or alternative.

We take a different view of the case. Count II of the descriptive part of the indictment was wholly unnecessary. Yates and Mitchell had already been charged with murder and aiding and abetting in the commission of murder. No new offense was described in Count II. Actually it was not necessary to mention the crime of aiding and abetting in the commission of murder in the accusatory part of the indictment. As said in Delk v. Commonwealth, 308 Ky. 579, 215 S.W.2d 109, an indictment may charge all persons as principals; the question of aiding and abetting being taken care of in the instructions where the evidence warrants the submission of that question to the jury. The case of Shelton v. Commonwealth, 261 Ky. 18, 86 S.W.2d 1054, 1057, turned on another point. There the Commonwealth sought to convict the accused as an accessory before the fact under an indictment charging him as an aider and abettor. The opinion pointed out that the offense with which the accused was charged required that he be present at the time of the commission of the crime, while as an accessory before the fact "he would necessarily be absent from the scene".

Yates and Mitchell were fully apprised of the charge that they had murdered Clarence Kirby. In its attempt to be specific, the jury merely said one of the defendants was the principal and the other was the aider and abettor. As we have noted, either offense would have been covered by an indictment charging only murder. It is our view that the demurrer to the indictment should have been overruled, and the law is so certified.